IN THE NORTHERN DISTRICT COURT OF WEST VIRGINIA

**JOHN SIGLEY,**

    **Plaintiff,**

v.

**ND PAPER, LLC,**
**d/b/a ND PAPER/FAIRMONT, LLC**
**DIVISION,**

    **Defendant.**

Civil Action No. 1:22-CV-52

Judge Kleeh

ELECTRONICALLY FILED
Jun 24 2022
U.S. DISTRICT COURT
Northern District of WV

## COMPLAINT

Plaintiff John Sigley, by his counsel, Hoyt Glazer, Esq. and Eric B. Anderson, Esq. of Glazer Saad Anderson L.C. files this action seeking redress and remedy arising from ND Paper, LLC's ["ND Paper"] deliberate and reckless failure to comply with the provisions of Title I of the Americans with Disabilities Act of 1990 (ADA). After hiring Mr. Sigley, ND Paper fired him because it claimed he did not provide accurate information about his medical condition on his application for employment, and it clearly terminated Mr. Sigley based on an improper medical inquiry in violation of the ADA. Mr. Sigley seeks compensatory and punitive damages from Defendant.

## PARTIES

1. Plaintiff, John Sigley, is and was, at all times alleged herein, a citizen and resident of Marion County, West Virginia.

2. Defendant, ND Paper, LLC, is the United States Division of Nine Dragons Paper (Holdings) Limited, the largest containerboard producer in China and Asia with $10 billion in annual sales[1].

3. Defendant ND Paper, LLC does business in Fairmont, West Virginia where it operates a paper mill, and maintains its principal place of business in Illinois.

4. At all times alleged, Defendant acted by and through its agents, employees, supervisors, directors, members, officers and assigns and within the full scope of agency, office, employment, or assignment.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this civil action under Article III, §2 of the United States Constitution and 28 U.S.C. §1331 (federal question jurisdiction).

6. Venue is appropriate in this case under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to this claim occurred in Marion County, West Virginia which is in the Northern District of West Virginia.

## FACTS

7. In August of 2021, Mr. Sigley applied for employment with the Defendant ND Paper.

8. At the time of his application, Mr. Sigley had a longstanding back injury and a history of medical care and treatment for the same.

9. The Defendant's application for employment requested Mr. Sigley to identify his medical conditions.

10. As no stranger to the job search process, Mr. Sigley well knew that if he identified his back injury on his application for benefits that it may (unfortunately) prevent the Defendant from

---

[1] See, https://us.ndpaper.com/about-nd-paper/ (Last accessed June 14, 2022).

hiring him, and he elected not to divulge his confidential, medical information before his hire.

11. Under 42 U.S.C. § 12112(d), in fact, the ADA prohibits discrimination by an employer from making "medical examinations and inquiries" of a job applicant.

12. On August 26, 2021, the Defendant offered Mr. Sigley employment conditioned on his passing a background check and physical.

13. Mr. Sigley accepted the Defendant's offer of employment, and on August 31, 2021, the Defendant scheduled him to undergo a physical on September 8, 2021.

14. On September 8, 2021, Mr. Sigley underwent the physical.

15. Mr. Sigley passed his pre-employment physical.

16. After passing the physical, Mr. Sigley notified Defendant of the same.

17. On September 8, 2021, the Defendant, by and through its agent, e-mailed Mr. Sigley and notified him that it would be in touch with him after it had received all the pre-screening results. "I do not look for there to be a delay with your start date of 08/13/2021 [sic]."

18. On September 13, 2021, Mr. Sigley began working for Defendant as materials handler at the pulp mill, and he earned $17.02/hr.

19. Mr. Sigley performed his job duties satisfactorily or better, and continued working for the Defendant until on or about November 2, 2021.

20. On or about November 2, 2021, a representative of the Defendant telephoned Mr. Sigley and notified him of his termination.

21. The Defendant's representative claimed Mr. Sigley had lied on his application for employment when, in fact, the Defendant had improperly made an improper medical inquiry of Mr. Sigley, with which he properly refused to comply.

22. After his termination, Mr. Sigley timely filed a charge with the Equal Employment Opportunity Commission.

23. On May 13, 2022, the EEOC issued Mr. Sigley a notice of right to sue. It noted that it made no determination about Mr. Sigley's claims under Title VII.

24. Since his termination, Mr. Sigley has suffered loss of wages, emotional harm, and inconvenience, and seeks relief as requested in the prayer.

## COUNT I: DISABILITY DISCRIMINATION UNDER THE ADA

25. Plaintiff incorporates the previous paragraphs as if set forth herein.

26. Plaintiff is a person with a disability (longstanding back injury) as that term is defined in the ADA.

27. At all times alleged herein, Plaintiff was qualified and able to perform the essential functions of his job with or without a reasonable accommodation, and, in fact, performed all the functions of his job from the time he started until the Defendant terminated him.

28. The Plaintiff's back injury constitutes a disability because it substantially limited one or more of his major life activities.

29. In the alternative, Defendant and its agents perceived and/or regarded Mr. Sigley as having a disability.

30. The ADA prohibits discrimination by an employer of making "medical examinations and inquiries" of a job applicant. See, 42 U.S.C. § 12112(d).

31. In this case, the Defendant's application for employment requested Mr. Sigley to identify his medical conditions as prohibited by the ADA.

32. The Defendant's application for employment sought medical information that was neither job-related nor consistent with business necessity.

33. By having Mr. Sigley undergo a pre-employment physical, the Defendant was able to determine if Mr. Sigley were able to perform the essential functions of his job without engaging in an improper medical inquiry as sought by its employment application.

34. On information and belief, the Defendant terminated Mr. Sigley based on his lawful refusal to provide medical information on his application for employment.

35. On information and belief, Defendant treated similarly situated employees who did not have a disability more favorably than Plaintiff in the terms, conditions and/or benefits of their employment.

36. Mr. Sigley's status as a person with a disability under the ADA and/or the Defendant's perception of Mr. Sigley as a disabled person was a motivating factor in Defendant's decision to terminate him.

37. Defendant's actions against Plaintiff based on his status as a person with a disability were willful, intentional, and reckless.

38. As a direct and proximate result of Defendant's wrongful acts and omissions, Plaintiff has suffered injuries and damages including but not limited to, loss of earnings and earning capacity; loss of career opportunities, loss of fringe and pension benefits, mental anguish, humiliation and embarrassment, and loss of professional reputation.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks damages as set forth below:

On all counts, grant Plaintiff actual damages for lost wages, front pay, back pay, fringe benefits, costs of obtaining new employment and other out of pocket expenses in an amount to be determined by a jury;

On all counts, grant Plaintiff, general and compensatory damages for annoyance,

inconvenience, embarrassment, humiliation and emotional distress suffered by Plaintiff as a direct and/or proximate result of Defendant's conduct;

On all counts, grant Plaintiff punitive damages in an amount to be determined by a jury and sufficient to deter future improper conduct and to punish the Defendant for its reckless and willful actions; and

Prejudgment and post-judgment interest on all amounts allowed by law;

Attorney fees; and

Such other relief as this Court deems fair and proper in the interest of justice.

**PLAINTIFF REQUESTS A TRIAL BY JURY ON ALL ISSUES.**

PLAINTIFF, JOHN SIGLEY,
By Counsel,

s/Hoyt Glazer
Hoyt Glazer, Esq. (WV Bar #6479)
Eric B. Anderson, Esq. (WV Bar #11895)
Glazer Saad Anderson L.C.
320 Ninth Street, Suite B
Huntington, WV 25701
(304) 522-4149
hoyt@gsalaw-wv.com
eric@gsalaw-wv.com